IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
DANIEL L. HUBBEL, Regional Director for        *
Region Seventeen of the National Labor         *
Relations Board, for and on behalf of the      *
NATIONAL LABOR RELATIONS BOARD                 *
                                               *
               Petitioner                      *
                                               *
                                               *
          v.                                   *     Civil No. 09-304
                                               *
                                               *
CRETE COLD STORAGE, LLC                        *
                                               *
                                               *
               Respondent                      *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause came on to be heard upon the verified petition of Daniel L. Hubbel,

Regional Director for the Seventeenth Region of the National Labor Relations Board (herein

called the Board), for a temporary injunction pursuant to Section 10(j) of the National Labor

Relations Act, as amended (herein called the Act), pending the final disposition of the matters

involved pending before the Board, and upon the issuance of an order to show cause why

injunctive relief should not be granted as prayed in said petition. Respondent Crete Cold

Storage, LLC (herein called Respondent) filed an answer to said petition. A hearing on the issues

raised by the petition and answer was duly held on the 24th day of September, 2009.

All parties were afforded full opportunity to be heard on the issues and to argue

the evidence and the law. The Court has fully considered the petition, answer, evidence,

arguments and briefs of counsel. Upon the entire record, the Court makes the following:

**FINDINGS OF FACT**

1.      Petitioner is the Regional Director of the Seventeenth Region of the Board, an

agency of the United States, and filed this petition for and on behalf of the Board.

2.      Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act.

3.      On April 1, 2009, United Food and Commercial Workers International Union,

AFL-CIO, CLC, Local No. 271 (herein called the Union), pursuant to the provisions of the Act,

filed the charge in Case 17-CA-24469, alleging that Respondent violated Sections 8(a)(1) and

8(a)(5) of the Act.  The charge in Case 17-CA-24469 was amended on May 15, 2009.

4.      The above charges were referred to Petitioner, as Regional Director of the

Seventeenth Region of the Board, for appropriate investigation.

5.      On May 29, 2009, the Petitioner issued a Complaint and Notice of Hearing,

pursuant to Section 10(b) of the Act [29 U.S.C. Sec. 160(b)], alleging that Respondent has

engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and

(5) of the Act.

6.      There is a substantial likelihood that the Petitioner will, in the underlying

administrative proceeding in Case 17-CA-24469, establish that:

(a)     At all material times Respondent, an Iowa limited liability company or

business entity owned by Omaha Industries, Incorporated, with an office and place of business in

Crete, Nebraska, herein called Respondent's facility, has been engaged in the business of

operating a refrigerated warehouse and storage facility.

(b)     During the 12-month period ending April 30, 2009, Respondent, in

conducting its business operations described above in paragraph 2(a), purchased and received at

its Crete, Nebraska facility goods valued in excess of $50,000 directly from points outside the

State of Nebraska.

      (c)   At all material times Respondent has been an employer engaged in

commerce within the meaning of Section 2(2), (6), and (7) of the Act.

      (d)   At all material times the Union has been a labor organization within the

meaning of Section 2(5) of the Act.

      (e)   At all material times the following named individuals held the positions set

forth opposite their respective names and have been supervisors of Respondent within the

meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section

2(13) of the Act:

| | | |
|---|---|---|
| Patrick Burke | - | President and CEO |
| Jessica Placek | - | Plant Manager |
| Sammy Sanchez | - | Warehouse Supervisor |

      (f)   The following employees of Respondent, herein called the Unit, constitute a

unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of

the Act:

> All full-time and regular part-time warehouse, scale, quality
> assurance, truck wash, maintenance, lead and sanitation employees
> employed by the Employer at its facility located at 2220 County
> Road "I", Crete, Nebraska, but excluding all office clerical
> employees, engineers, temporary employees, managers, guards and
> supervisors as defined in the Act.

(g)     On or about February 7, 2005, the Union was certified as the exclusive collective bargaining representative of the Unit. This recognition is embodied in a collective-bargaining agreement which was effective from April 1, 2006 through March 31, 2009.

(h)     At all times since February 7, 2005, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

(i)     On or about April 1, 2009, Respondent withdrew its recognition of the Union as the exclusive collective-bargaining representative of the Unit.

(j)     Since on or about January 13, 2009, the Union, by email and by multiple phone calls has requested that Respondent furnish the Union with a current seniority list of all bargaining unit employees.

(k)     Since on or about January 28, 2009, the Union, by letter, has requested that Respondent furnish the Union with the information concerning Unit employees terms and conditions of employment.

(l)     The information requested by the Union, as referred to above in paragraphs 6(j) and 6(k) is necessary for, and relevant to, the Union's performance of its duties as the exclusive collective-bargaining representative of the Unit.

(m)     At all material times herein, Respondent has failed and refused to furnish the Union with the information requested by it, as referred to above in paragraphs 6(j) and 6(k).

(n)    By the conduct described above in paragraphs 6 and 7, Respondent has been failing and refusing to bargain collective and in good faith with the exclusive collective-bargaining representative of its employees violation of Section 8(a)(1) and (5) of the Act.

(o)    The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

7.    By the acts and conduct set forth above, there is a substantial likelihood that the Regional Director will establish in the administrative proceeding before the Board that respondent has failed and refused, and continues to fail and refuse to bargain collectively with the Union as the collective bargaining representative of its employees; and that by its conduct respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act and affecting commerce within the meaning of Section 2(6) and (7) of the Act.

8.    Unless the interim relief requested is granted and respondent is enjoined and restrained from engaging in the unfair labor practices referred to above, a serious breach of the Act will continue with the result that enforcement of important provisions of the Act and of public policy will be thwarted because of the reduction of the possibility of fully restoring the *status quo ante*. It may be fairly anticipated that, unless enjoined, respondent will continue to repeat the acts and conduct described above paragraph 6, or similar or like acts and conduct, in violation of Section 8(a)(1) and (5) of the Act, with the result that employees will be deprived of the rights guaranteed to them by the Act because of the improbability of being able to restore them to the *status quo ante*. Such harm clearly outweighs any harm respondent will suffer if the requested injunctive relief is granted.

Therefore, in accordance with the provisions of Section 10(j) of the Act, it is essential, appropriate, just and proper, and will effectuate the policies of the Act that pending final disposition of the matters involved herein by the Board, respondent be enjoined and restrained from the commission of the acts and conduct set forth in the order granting preliminary injunction in this case.

## CONCLUSIONS OF LAW

1.      This Court has jurisdiction of the parties and of the subject matter of this proceeding and, under Section 10(j) of the Act, is empowered to grant injunctive relief.

2.      There is a substantial likelihood that Petitioner will, in the underlying administrative proceeding in Case 17-CA-24469 establish that:

(a)      Respondent is an employer engaged in commerce within the meaning of Section 2(6) and (7) of the Act.

(b)      Respondent has engaged in unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act, affecting commerce within the meaning of  Section 2(6) and (7) of the Act, and a continuation of these practices will impair the policies of the Act, as set forth in Section 10(b).

3.      To preserve the issues for the orderly determination as provided in the Act, it is appropriate, just, and proper that, pending the final disposition of the matters herein involved before the Board, Respondent, its officers, representatives, agents, servants, employees,

attorneys, successors and assigns and all persons acting in concert or participation with it or them, be enjoined as set forth hereinafter in the order granting temporary injunction.

Dated at Lincoln, Nebraska this 24th day of September, 2009.

s/ Warren K.  Urbom

_____

UNITED STATES SENIOR DISTRICT JUDGE